UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF PEN
REGISTER AND TRAP AND TRACE
DEVICE

:
:
:
:
:
:
:

MISC. NO. 7:19mj1008(SALM)

2019 JUN 26  A 10: 23
U.S. DISTRICT COURT
NEW HAVEN, CT.

**FILED UNDER SEAL**

June 25, 2019

## APPLICATION

Jocelyn Courtney Kaoutzanis, an attorney of the United States Department of Justice and an Assistant United States Attorney for the District of Connecticut, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace device ("pen-trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the following What's App Account number: (347) 323-0792 ("**Target Account**" or "**Target WhatsApp Number**"). In support of this Application, the undersigned asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.      The law enforcement agency conducting the investigation is the U.S. Drug Enforcement Administration ("DEA").

5.      The applicant hereby certifies that the information likely to be obtained by the requested pen-trap device is relevant to an ongoing criminal investigation being conducted by the DEA.

6.      This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7.      Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.      A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9.      In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. WhatsApp is a United States company that provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that permits users to send and receive messages and calls. WhastApp also permits users of its smartphone application to access their WhatsApp accounts via a desktop or laptop computer.

11. The smartphone-based WhatsApp Messenger allows users to exchange, inter alia, text messages, audio messages, video messages, and files such as documents and photos with other WhatsApp users. It also permits users to engage in real-time voice and video calls and to set up and participate in group chats. Messages and calls sent through WhatsApp Messenger are transmitted over the Internet via WhatsApp servers located in the United States. A user may use a cellular provider's data network or another data connection (such as a home wireless router or a public wireless hotspot) to which the user's device is connected to connect to and send messages via WhatsApp Messenger.

12. Users of WhatsApp Messenger can also access their WhatsApp accounts via a computer using a desktop application or via an Internet browser. The computer-based WhatsApp service offers similar functionality to the smartphone-based application, including the ability to send and receive text messages, video messages, and files such as photos.

13. Each WhatsApp account has a unique account identifier in the form of the telephone number of the mobile phone upon which the user has installed the WhatsApp Messenger application. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive. These telephone numbers, which also function as WhatsApp account identifiers, can be recorded by pen-trap devices and can be used to identify parties to a communication without revealing the communication's content.

14. WhatsApp is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d) to require WhatsApp to disclose the items described in Section II of Attachment A.

## THE RELEVANT FACTS

15. Applicant certifies that the DEA is conducting a criminal investigation of the user of the Target What'sApp Number and others in connection with possible violations of distribution of controlled substances, possession with intent to distribute controlled substances, conspiracy to distribute controlled substances, and use of a telephone to facilitate a drug trafficking felony in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846; and that it is believed that subjects of the investigation are using the Target WhatsApp Account in furtherance of the criminal offenses; and that there are reasonable grounds to believe that the telecommunications and electronic communications records and information sought are relevant and material to the ongoing criminal investigation.

16. In May 2019, a DEA confidential source ("CS-1"), who is cooperating with the DEA for monetary compensation and whose information has proven credible and reliable and has been corroborated by independent sources, provided the NHDO with information regarding a drug trafficking organization ("DTO") based in Waterbury, Connecticut which was distributing kilogram quantities of heroin throughout New England. CS-1 explained that NESTOR SOSA-ORTIZ was the head of this DTO and was arrested on May 18, 2019 by the DEA while attempting to purchase two kilograms of heroin and two kilograms of fentanyl in New York. RONEY SOSA is also believed to have been involved in this transaction. Following the arrest of

NESTOR SOSA-ORTIZ in May 2019 and his subsequent imprisonment, CS-1 informed case agents that RONEY SOSA and ISMAELIS SOSA-ORTIZ have taken over control of heroin distribution for the SOSA DTO. CS-1 further stated that ISMAELIS SOSA-ORTIZ is in control of the finances for the DTO and that RONEY SOSA was tasked with processing the heroin for distribution. CS-1 also provided information regarding how ELIAS SANCHEZ-MARTINEZ is a member of the SOSA DTO who is responsible for distributing heroin throughout Massachusetts and how DARRY GUERRERO a.k.a. "Domi" is another member of the SOSA DTO who distributes heroin throughout the greater Waterbury, Connecticut area. FRANCIS AYBAR-PEGUERO is a criminal associate of ISMAELIS SOSA-ORTIZ who is also believed to function as alternate source of supply. Over the course of the investigation, CS-1 has received samples of heroin for testing from SANCHEZ-MARTINEZ, GUERRERO and ISAMELIS SOSA-ORTIZ

17. On June 20, 2019, Judge Jeffrey A. Meyer signed an order authorizing the interception of wire and electronic communications occurring over a cellular telephone assigned telephone number 347-323-0792, with an IMSI 310260957230846 ("Target Telephone 1"), which is a pre-paid telephone serviced by T-Mobile USA ("T-Mobile" or the "Service Provider"), with no listed subscriber or subscriber address, and which is being utilized by ISAMELIS SOSA-ORTIZ. Interception began on June 20, 2019.

18. From listening to recorded telephone calls and text messages and as a result of other investigative work performed to date, case agents have identified WhatsApp accounts utilized by members of the DTO. Case agents believe that DTO members are using these WhatsApp accounts to further their narcotics trafficking activities and as an alternative to traditional telephone calls and text messages. Case agents further believe that DTO members

may be relying on WhatsApp to conduct their illegal activities because of the encryption function.

19.  For example, on June 21, 2019, in session 68, at 8:09 ISAMELIS SOSA-ORTIZ received an incoming call from NESTOR SOSA-ORTIZ (who is currently in prison). In this call, NESTOR SOSA-ORTIZ referred to trying to reach an unidentified male on WhatsApp and how that was "the What's App number [ISAMELIS] gave him." This telephone call provides further evidence of the DTO members use and reliance on Whatsapp to conduct their narcotics trafficking activities. Based on this call and other similar communications, case agents believe that ISAMELIS SOSA-ORTIZ relies on Whatsapp to conduct narcotics trafficking.

20.  Case agents have identified 347-323-0792, the **Target Account**, as an additional phone used by ISAMELIS SOSA-ORTIZ. Based on information developed by case agents, the **Target Account** makes use of WhatsApp. The requested pen-trap device will permit to see who ISAMELIS SOSA-ORTIZ is in contact with through WhatsApp and will aid in determining other co-conspirators involved in ISAMELIS's drug trafficking activity.

21.  Accordingly, the applicant hereby certifies that the information likely to be obtained by the requested pen-trap device is relevant to an ongoing criminal investigation being conducted by the DEA as required by 18 U.S.C. § 3122(b)(2).

22.  The conduct being investigated involves use of the account described in Attachment A. To further the investigation, investigators request to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that account. The pen-trap device sought to be installed and used pursuant to the order resulting from this application could record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the account(s) described in

Attachment A, including the date, time, and duration of the communication, without geographic limit.

## GOVERNMENT REQUESTS

23. For the reasons stated above, the United States requests that the Court enter Orders authorizing the installation and use of a pen-trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the Target What'sApp Number described in Attachment A, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

24. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

25. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order What'sApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the DEA, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

26. The United States further requests that the Court order What'sApp and any other person or entity whose assistance may facilitate execution of the Order to notify the applicant and the DEA of any changes relating to the Target What'sApp Number described in Attachment A to each order, and to provide prior notice to the applicant and the DEA before terminating or changing service to the Target Account.

27. The United States further requests that the Court order that the DEA and the applicant have access to the information collected by the pen-trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

28. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order What'sApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap device, or this investigation, unless and until authorized by this Court, except that What'sApp may disclose this Order to an attorney for What'sApp for the purpose of receiving legal advice.

29. The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

30. The foregoing is based on information provided to me in my official capacity by agents of the DEA.

I declare under penalty of perjury that the foregoing is true and correct.

JOCELYN COURTNEY KAOUTZANIS
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. 30426
Assistant United States Attorney
157 Church Street, 25th Floor
New Haven, CT 06510